IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN MARET | * | CIVIL ACTION NO. 4:09-CV-3238 |
| *Plaintiff* | * | |
| | * | SECTION: RGK-JUDGE RICHARD G. KOPT |
| | * | |
| *VERSUS* | * | |
| | * | MAGISTRATE: RGK |
| | * | |
| | * | COMPLAINT FOR PATENT |
| WORKS CONNECTION, INC., | * | INFRINGEMENT, UNJUST |
| PRO CIRCUIT PRODUCTS INC. | * | ENRICHMENT AND CONVERSION |
| TUF RACING PRODUCTS INC. | * | |
| D/B/A A/K/A UFO PLAST, | * | |
| DEVOL ENGINEERING, INC. | * | |
| AND OUTLAW RACING | * | |
| PRODUCTS, INC. D/B/A A/K/A | * | |
| PIT-POSSE MOTORSPORTS | * | |
| *Defendants* | * | JURY TRIAL DEMANDED |
| | * | |

## JOINT RULE 26(F) PRETRIAL REPORT BY ALL PARTIES

NOW INTO COURT, through undersigned counsel, comes, Kevin Maret, who submits

the Joint Rule 26(f) Report by All Parties and respectfully states as follows:

I.    **INITIAL MATTERS:**

    A.    **Jurisdiction and Venue**:

        (a) Defendants, Devol Engineering, Works Connection and Pro Circuit does not

            contest jurisdiction and/or venue.

Devol Engineering, defendant, a default will be confirmed at a scheduled hearing because they have not communicated with plaintiff's counsel.

2. **Jurisdiction**:

    (a) This is an action for patent infringement arising under the patent laws of the United States (35 U.S.C. § 100 *et seq.* and under Nebraska state law.

    (b) This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

    (c) Jurisdiction over state claims is based on 28 U.S.C. § 1367.

3. **Venue**:

    (a) Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and § 1400(b), and due to multiple defendants from different domiciles, who all does business in this Judicial District.

B.    **Rule 11 Certification**: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered).

## II.   CLAIMS AND DEFENSES:

A.    <u>**Plaintiff's Claims, Elements, Factual Application**</u>: The elements of the plaintiff's claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof and the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from

2

pleadings)

1. **CLAIM ONE: INFRINGEMENT OF U.S. PATENT NO. US 7,051,852 B2**

(a) **Elements**: Defendants, Devol Engineering, Works Connection and Pro
Circuit, has continued to directly infringe, contribute to and/or actively induce
infringement by making, manufacturing, using, importing, offering for sale,
supplying to motocross race teams, soliciting sales by others, enabling or
assisting with sales by others of, and/or selling within the United States
spring-loaded holeshot devices using the claims methods and technology in
Kevin Maret's U.S. Patent No. US 7,051,852 B2.

(b) **Factual Application**: Defendant, Devol Engineering, Works Connection and
Pro Circuit has been infringing on Kevin Maret's Patent, causing Kevin Maret
damages due to the infringement, which is intentional and willful since date of
its provisional patent issuance, date of publication of the patent by the
U.S.P.O., marketing by Kevin Maret with its patent number on its holeshot
devices and issuance of final patent by the U.S.P.O.  Defendants'
infringement of Kevin Maret's Patent No. US 7,051,852 B2 is without the
consent of, authority of, or license from, Kevin Maret, and defendants, Devol
Engineering, Works Connection, Inc. and Pro Circuit, Inc. has refused to even
attempt to obtain a non-exclusive license despite Kevin Maret's offers to do
so.  Defendants have caused and will continue to cause Kevin Maret
irreparable injury and damage by infringing on his Patent No. US 7,051,852
B2.  Kevin Maret will suffer further irreparable injury, for which it has no

*3*

adequate remedy at law, unless and until all defendants are enjoined from infringing on the Patent No. US 7,051.852 B2.

**Of these elements, defendant Works Connection, Inc**. disputes the following numbered elements: Works Connection, Inc. disputes that it has infringed any valid claim of the patent in suit.

**Of these elements, defendant Pro Circuit disputes the following**: Pro Circuit disputes that is has infringed any claim of the asserted patent. Pro Circuit further disputes that any provisional patent can issue or otherwise be infringed, or that any published patent application can be infringed. Pro Circuit further disputes that it has refused to attempt to  obtain a non-exclusive license in the issued patent.

2. **CLAIM TWO: UNJUST ENRICHMENT**

   (a) **Elements**: Defendants, Devol Engineering, Inc., Pro Circuit, and Works Connection, engaged in unconscionable conduct when it illegally, wrongfully, knowingly, and without authority, appropriated Kevin Maret's technologies, patent device design and used it wrongfully and unfairly benefited, even after the defendants were put on constructive and even actual written notice of Kevin Maret's patent.

   (b) **Factual Application**: The United States Patent and Trademark Office issued United States Patent No. US 7,051,852 B2 to Kevin Maret.  Kevin Maret owns said patent, and defendants through websites, distributors, dealers and both on-line and mailed catalogs sell holeshot devices throughout the United States and in this Judicial District causing damages to Kevin Maret.  The

defendants received a benefit from Kevin Maret, the retention which is against equity and good conscience.

**Of these elements, defendant Works Connection, Inc**. disputes the following numbered elements: Works Connection, Inc. disputes that it has infringed any valid claim of the patent in suit, and thus disputes that it obtained any improper benefit from the manufacture or sale of any products.

**Of these elements, defendant Pro Circuit disputes the following**: Pro Circuit disputes that it infringed any valid claim of the asserted patent. Pro Circuit further disputes that it appropriated Kevin Maret's technologies or patent device design, or that it unfairly benefited or caused damage to Kevin Maret.

3. **CLAIM THREE: CONVERSION**

   (a) **Elements**: Kevin Maret is the legal owner of the holeshot device and technology conceived of and developed by Kevin Maret and Kevin Mareet is entitled to the possession of that property and all profits received by defendants due to their wrongful conversion.

   (b) **Factual Application**: Defendants took Kevin Maret's patented design and wrongfully exercised control in a manner inconsistent with Kevin Maret's ownership of the patent, U.S. Patent No. US 7.051,852 B2, and depriving Kevin Maret of the sales and income the defendants obtained and enjoyed. Defendants converted property properly belonging to Kevin Maret in knowing it was in violation of Kevin Maret's right and the laws by infringing on his U.S. Patent.  Defendants converted the property in Kevin Maret's U.S. Patent,

without the knowledge and consent and despite the protests of Kevin Maret.

**Of these elements, defendant Works Connection, Inc**. disputes the following numbered elements: Works Connection, Inc. disputes that it has infringed any valid claim of the patent in suit, and thus disputes that it converted any property belonging to Plaintiff through the manufacture or sale of any products.

**Of these elements, defendant Pro Circuit disputes the following**: Pro Circuit disputes that it infringed any valid claim of the asserted patent. Pro Circuit further disputes that it converted any property belonging to Plaintiff, and specifically disputes that it took Kevin Maret's patented design and wrongfully exercised control in a manner inconsistent with Keven Maret's claimed ownership of the asserted patent.

B. **Defenses**: The elements of the affirmative defenses aised by the pleadings are as follows: List each affirmative defense raised or expected to be raised by the defendant(s), the substantive elements of proof for it, and how the defendant claims the facts of this case make such defense applicable or established (DO NOT repeat boilerplate allegations from pleadings or deny matters on which plaintiff has the burden of proof):

1. **Defendant, Devol Engineering, Inc. defenses**:

   Devol Engineering, defendant, a default will be confirmed at a scheduled hearing because they have not communicated with plaintiff's counsel.

2. **Defendant, Works Connection's defenses:** (Works Connection has not completed its investigation or discovery in this matter and reserves the right to supplement or modify the information presented herein or rely on other theories, facts, or information at trial or in any other proceeding in this matter.)

**First Defense: Failure to State a Claim**

(a) **Elements:** (i) Patent Infringement: In order to state a cause of action for patent infringement, a patentee is required to plead the specific claims of the patent allegedly infringed. (ii) Unjust Enrichment: A state law claim is preempted if it relies on the same facts as a claim for patent infringement under federal law.  (iii) Conversion: A state law claim is preempted if it relies on the same facts as a claim for patent infringement under federal law.

(b) **Factual Application**:  (i) Patent Infringement: Plaintiff has failed to plead the specific claims of the patent allegedly infringed.  (ii) Unjust Enrichment: Plaintiff's claim for unjust enrichment relies on the same facts as his claim for patent infringement, and, thus, is preempted by federal law.  (iii) Conversion: Plaintiff's claim for conversion relies on the same facts as his claim for patent infringement, and, thus, is preempted by federal law.

**Of these elements, plaintiff disputes the following:**

1. **Patent Infringement**: Specific claims of the patent legally owned by Plaintiff, Kevin Maret U.S. Patent No. US 7,051,852 B2, has been pleaded, in that, Defendant, Works Connection, has used and is using the same technology in the suspension restraining of holeshot devices that Kevin Maret has in his U.S. Patent No. US 7,051,852 B2.  Defendant, Works Connection has operated and profited by sponsoring amateur and professional motocross and supercorss riders and race teams and are using the same suspension restraining holeshot device that Kevin Maret has in

7

his Patent.

2. **Unjust Enrichment:** Plaintiff's Kevin Maret's claims for unjust

enrichment is not the same as his claim for patent infringement, in that,

Kevin Maret is the legal owner of U.S. Patent No. 7,051,852 B2, which

Works Connection has engaged in unconscionable conduct when it

illegally, wrongfully, knowingly, and without the authority of Kevin

Maret.  Works Connection, defendant, used Kevin Maret's patented design

and wrongfully exercised control of the holeshot device it sold, profiting

and depriving Kevin Maret of the sales and income it obtained and

enjoyed.  According to the Business Law Directory, the definition of

Unjust Enrichment is stated as follows:

> **"Gain or benefit that is the result of another's efforts or acts but for which that other has received no compensation, and for which the one receiving the benefit has not paid. A person who is deemed by law to have been unjustly enriched at the expense of another is required to make restitution to the other."**

Defendant, Works Connection, converted property properly belonging to

Kevin Maret knowing it violated Kevin Maret's right and the law by

infringing on U.S. Patent No. US 7,051,852 B2 legally owned by Kevin

Maret.

3. **Conversion:** Plaintiff, Kevin Maret's claims for conversion is not the

same as his patent infringement claims, in that, Defendant, Works

Connection, took the design of Kevin Maret's U.S. Patent, Patent No. US

*8*

7,051,852 B2 and used it to promote sales and income, which was enjoyed by defendant, Works Connection, and deprived Kevin Maret of all his rightful royalties, sales, and income from his personal design of the holeshot device that he designed.  Defendant, Works Connection converted property belonging to Kevin Maret, and knowingly violated Kevin Maret's rights and the patent infringement laws of both state and federal statutes.

**Second Defense: Laches and Estoppel**

(a) **Elements**: (i) Laches: (1) unreasonable delay, (2) causing prejudice.  (ii) Estoppel: (1) action or inaction, (2) causing detrimental reliance.

(b) **Factual Application**:  (i) Laches: As a result of Plaintiff's unreasonable delay in asserting its alleged rights, Works Connection reasonably believed that Plaintiff had abandoned any claim against Works Connection and, in reliance on this belief, made continued investments in the accused products.  (ii) Estoppel:  As a result of Plaintiff's unreasonable delay in asserting its alleged rights, Works Connection reasonably believed that Plaintiff had abandoned any claim against Works Connection and, in reliance on this belief, made continued investments in the accused products.

**Of these elements, plaintiff disputes the following:**

1. **Laches:** Plaintiff, Kevin Maret applied for and received a provisional patent July 26, 2002, in U.S. Patent Office Provision Application No. 60/399.004 and Patent Application No. 10/627,351 filed July 26, 2003, with a prior Publication

Data date on March 25, 2004, and was issued U.S. Patent No. US 7,051,852 B2 on May 30, 2006. Defendant, Works Connection was put on actual written notice in 2006 and then in October 2009, in which Works Connection ignored the notice and continued to manufacture, market and sell its holeshot devices knowing it was infringing on Kevin Maret's Patent. There was no unreasonable delay nor is there any prejudice to Works Connection being created by Plaintiff in filing this Complaint. Plaintiff's never abandoned any claims he had on Works Connection. Defendant, Works Connection just ignored the claims of Plaintiff, Kevin Maret, and without any permission or authority of Kevin Maret, Works Connection continued to infringe on the U.S. Patent owned by Kevin Maret.

2. **Estoppel:** Defendant, Works Connection was put on actual written notice in 2006 and then in October 2009, in which Works Connection ignored the notice and continued to manufacture, market and sell its holeshot devices knowing it was infringing on Kevin Maret's Patent. There was no unreasonable delay nor is there any prejudice to Works Connection being created by Plaintiff in filing this Complaint. Plaintiff's never abandoned any claims he had on Works Connection. Defendant, Works Connection just ignored the claims of Plaintiff, Kevin Maret, and without any permission or authority of Kevin Maret, Works Connection continued to infringe on the U.S. Patent owned by Kevin Maret.

**Third Defense: Unclean Hands**

(a) **Elements:** (1) misconduct, (2) relating to the alleged rights asserted.

(b) **Factual Application**: Plaintiff made misstatements to the PTO in connection

*10*

with the prosecution of the patent in suit.

**Of these elements, plaintiff disputes the following:**

1.  Misconduct: Plaintiff, Kevin Maret did not make any misstatements to the
    PTO in connection with the Patent he rightfully owns, US 7,051,852 B2.

**Fourth Defense: Noninfringement**

(a) **Elements:** Plaintiff must prove that every limitation of a valid claim of the
patent in suit is present in a device made, use, sold, or offered for sale by Works
Connection.

(b) **Factual Application**:  Plaintiff has not identified any particular claim which
its contends Works Connection infringed.  Works Connection may amend this
response if Plaintiff idenfies such a claim.

**Of these elements, plaintiff disputes the following:**

1.  Plaintiff, Kevin Maret attempted to sell his holeshot device marketed as
    Tamer Racing Motosports Holeshot Hookup device since July 2002, which
    intially sold well until defendants began willfully selling their infringing
    holeshot devices destroying petitioner's sales of petitioner's product as shown
    in ads run in national motocross magazine, specifically, *Motocross Action
    Magazine* stating the defendant's new products infringed on Plaintiff, Kevin
    Maret's Patent US 7,051,852 B2.  Defendant, Works Connection ran their
    announcement of new product ads first published in August 2002, which is
    attached to the original Complaint as Exhibit P-13.

**Fifth Defense: Invalidity**

*11*

(a) **Elements**: For any claim Plaintiff allegedges is infringed by Works Connection, (1) the claim is invalid because it is not patentable subject matter under 35 U.S.C. § 101, or (2) the claim is invalid because each limitation is anticipated by a single reference, or (3) the claim is invalid because it is obvious over a single reference or combination of references, or (4) the claim is invalid because it is not described or enabled  as required by 35 U.S.C. § 112.

(b) **Factual Application**:  Plaintiff has not identified any particular claim which its contends Works Connection infringed.  Works Connection may amend this response if Plaintiff idenfies such a claim.

**Of these elements, plaintiff disputes the following:**

1.  Plaintiff, Kevin Maret attempted to sell his holeshot device marketed as Tamer Racing Motosports Holeshot Hookup device since July 2002, which intially sold well until defendants began willfully selling their infringing holeshot devices destroying petitioner's sales of petitioner's product as shown in ads run in national motocross magazine, specifically, *Motocross Action Magazine* stating the defendant's new products infringed on Plaintiff, Kevin Maret's Patent US 7,051,852 B2.  Defendant, Works Connection ran their announcement of new product ads first published in August 2002, which is attached to the original Complaint as Exhibit P-13.

**Sixth Defense: Preemption**

(a) **Elements:** A state law claim is preempted if it relies on the same facts as a claim for patent infringement under federal law.

(b) **Factual Application**:  Plaintiff's claim for unjust enrichment and conversion rely on the same facts as his claim for patent infringement, and, thus, are preempted by federal law.

**Of these elements, plaintiff disputes the following:**

1. Plaintiff's Complaint is an action for patent infringement arising under patent laws for the United States under 35 U.S.C. § 100 *et seq.* and under state claims through the State of Nebraska under 28 U.S.C. §1367, which are two different statutes regarding patents.

3. **Defendant, Pro Circuit's defenses:** (Discovery has not yet begun in this matter and Pro Circuit reserves the right to supplement these responses as further relevent facts are made known through discovery and further investigation)

 **First Defense: Failure to state claim upon whith relief can be granted**

(a) Elements: See response above from Defendant Works Connection regarding this affirmative defense.

(b) Factual Application: See response above from Defendant Works Connection regarding this affirmative defense.

**Of these elements, plaintiff disputes the following:**

1. **Patent Infringement**: Specific claims of the patent legally owned by Plaintiff, Kevin Maret U.S. Patent No. US 7,051,852 B2, has been pleaded, in that, Defendant, Pro Circuit, has used and is using the same technology in the suspension restraining of holeshot devices that Kevin Maret has in his U.S. Patent No. US 7,051,852 B2.  Defendant, Pro Circuit has operated and

*13*

profited by sponsoring amateur and professional motocross and supercorss riders and race teams and are using the same suspension restraining holeshot device that Kevin Maret has in his Patent.

2. **Unjust Enrichment**: Plaintiff's Kevin Maret's claims for unjust enrichment is not the same as his claim for patent infringement, in that, Kevin Maret is the legal owner of U.S. Patent No. 7,051,852 B2, which Pro Circuit has engaged in unconscionable conduct when it illegally, wrongfully, knowingly, and without the authority of Kevin Maret. Pro Circuit, defendant, used Kevin Maret's patented design and wrongfully exercised control of the holeshot device it sold, profiting and depriving Kevin Maret of the sales and income it obtained and enjoyed. According to the Business Law Directory, the definition of Unjust Enrichment is stated as follows:

> **"Gain or benefit that is the result of another's efforts or acts but for which that other has received no compensation, and for which the one receiving the benefit has not paid. A person who is deemed by law to have been unjustly enriched at the expense of another is required to make restitution to the other."**

Defendant, Pro Circuit, converted property properly belonging to Kevin Maret knowing it violated Kevin Maret's right and the law by infringing on U.S. Patent No. US 7,051,852 B2 legally owned by Kevin Maret.

3. **Conversion**: Plaintiff, Kevin Maret's claims for conversion is not the same as his patent infringement claims, in that, Defendant, Pro Circuit, took the design of Kevin Maret's U.S. Patent, Patent No. US 7,051,852 B2 and used it to

*14*

promote sales and income, which was enjoyed by defendant, Pro Circuit, and deprived Kevin Maret of all his rightful royalties, sales, and income from his personal design of the holeshot device that he designed.  Defendant, Pro Circuit converted property belonging to Kevin Maret, and knowingly violated Kevin Maret's rights and the patent infringement laws of both state and federal statutes.

## Second Defense: Noninfringement

(a) <u>Elements</u>: Plaintiff has the burden of showing that Pro Circuit makes, uses, sells or offers to sell a product having every limitation of at least one claim in in the asserted patent.

(b) <u>Factual Application:</u> Plaintiff has yet to identify the claims the asserted patent that Pro Circuit infringes and has yet to show how the limitations of the claims are met by any Pro Circuit product. Pro Circuit believes that it does not infringe any of the claims of the asserted patent, and reserves the right to amend this response if Plaintiff identifies the claims it believes are infringed.

**Of these elements, plaintiff disputes the following:**

1. Plaintiff, Kevin Maret attempted to sell his holeshot device marketed as Tamer Racing Motosports Holeshot Hookup device since July 2002, which intially sold well until defendants began willfully selling their infringing holeshot devices destroying petitioner's sales of petitioner's product as shown in ads run in national motocross magazine, specifically, Motocross Action Magazine stating the defendant's new products infringed on Plaintiff, Kevin

Maret's Patent US 7,051,852 B2.  Defendant, Pro Circuit ran their announcement of new product ads first published in August 2002, which was attached to the original Complaint as Exhibit P-13.

**Third Defense: Invalidity**

(a) **Elements**: See response above from Defendant Works Connection regarding this affirmative defense.

(b) **Factual Application**: See response above from Defendant Works Connection regarding this affirmative defense.

**Of these elements, plaintiff disputes the following:**

1. Plaintiff, Kevin Maret attempted to sell his holeshot device marketed as Tamer Racing Motosports Holeshot Hookup device since July 2002, which intially sold well until defendants began willfully selling their infringing holeshot devices destroying petitioner's sales of petitioner's product as shown in ads run in national motocross magazine, specifically, Motocross Action Magazine stating the defendant's new products infringed on Plaintiff, Kevin Maret's Patent US 7,051,852 B2.  Defendant, Pro Circuit ran their announcement of new product ads first published in August 2002, which was attached to the original Complaint as Exhibit P-13.

**Fourth Defense: Patent misuse barring relief**

(a) **Elements:** Plaintiff has the burden of showing that Pro Circuit makes, uses, sells or offers to sell a product having every limitation of at least one claim in in the asserted patent and must complete a reasonable infrringement

*16*

investigation before asserting its patent.

(b) **Factual Application**: Plaintiff has yet to identify the claims the asserted

patent that Pro Circuit infringes and has yet to show how the limitations of the

claims are met by any Pro Circuit product. Pro Circuit believes that it does not

infringe any of the claims of the asserted patent.  Pro Circuit further believes

that a reasonable investigation by Plaintiff would have revealed that the

accused products do not infringe any claims of the asserted patent, and by

bringing this action, Plaintiff has engaged in patent misuse and vexatious

litigation. Pro Circuit reserves the right to amend this response if Plaintiff

identifies the claims it believes are infringed.

**Of these elements, plaintiff disputes the following:**

1.   In January 2002, Kevin Maret built and invented the spring-loaded locking pin

holeshot device, with a locking pin and bracket that attaches to the telescopic

forks for motocros race motorcycles.  There are photos of Pro Circuit Products,

Inc. at Budds Creek AMA Outdoor Nationals that met on August 22, 2009 with

the holeshot device that Kevin Maret patented, which is attached to the original

Complaint, as Exhibit P-3.

**Fifth Defense: Patent misuse rendering asserted patent invalid**

(a) **Elements**: See response above from Pro Circuit regarding its Fourth Defense.

(b) **Factual Application**: See response obove from Pro Circuit regarding its

Fourth Defense.

**Of these elements, plaintiff disputes the following:**

1.  Misconduct: Plaintiff, Kevin Maret did not make any misstatements to the PTO in connection with the Patent he rightfully owns, US 7,051,852 B2.

## IV.   CASE PROGRESSION

A.  Mandatory disclosures will be served within 30 days.

B.  Motions to amend the pleadings or to add parties:

1.  Kevin Maret, Plaintiff does not anticipate the need to amend pleadings but asks for 30 days to amend pleadings. It does not expect to add any more parties.

2.  Defendant, Works Connection may need to to amend pleadings in order to specifically plead an affirmative defense of inequitable conduct and requests 180 days to do so. It does not expect to add any more parties.

3.  Defendant, Pro Circuit does not anticipate the need to amend pleadings to add additional parties but asks for 30 days to amend for this purpose.  Like Defendant Works Connection, Pro Circuit may need to amend the pleading in order to specifically plead inequitable conduct and also requests 180 days to do so.

4.  Defendant, Devol Engineering has been defaulted and petitioner expects to confirm the default with the court. Devol has refused to respond to letters and call s to communicate .

C.  Any motions to amend pleadings shall be filed as follows:

1.  Plaintiff, Kevin Maret by Thursday, May 20, 2010;

2.  Defendant, Works Connection, Inc. by Wednesday, October 20, 2010;

*18*

3. Defendant, Pro Circuit by Wednesday, October 20, 2010; and

4. Defendant, Devol Engineering will confirm default of plaintiff.

**NOTE:**   The parties may agree on separate dates for plaintiff(s) and defendant(s). If more than sixty days are needed, state the reason(s) that much time is necessary.

D. Experts and, unless otherwise agreed, expert reports shall be served by Monday, November 22, 2010 or 60 days before trial.

**NOTE:** The parties may agree on separate dates for plaintiff(s) and defendant(s).

E. Discovery.

1. Discovery, including depositions by all parties will be completed by Monday, November 22, 2010 or 60 days before trial. Depositions in California, New Orleans, La. and in Lincoln, Nebraska will have to be taken.

2. Agreed Discovery Procedures:

(a) Unique Circumstances.  The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:

Counsel has agreed to the following actions to address that difficulty:

None except witnesses are vastly apart in different states and cities.

(b) Electronic Discovery Provisions: Counsel has conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant—whether privileged or not—to the disposition of this dispute, including:

(i)      The extent to which discosures of such data should be limited to

*19*

that which is available in the normal course of business, or otherwise;

(ii)     The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(iv)     Whether reasonable measures have been implemented to preserve such data;

(v)      The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(vi)     The form and method of notice of the duty to preserve;

(vii)    Mechanisms for monitoring, certifying, or auditing custodial compliance;

(viii)   Whether preservation will require suspending or modifying any routine business and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(ix)     Methods to preserve any potentially discoverabe materials such as voice mail, active data in databases, or electronic messages;

(x)      The anticipated costs of preserving these materials and how such

costs should be allocated; and

(xi)     The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

_X_     No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

____     The following provisions should be included in the court's scheduling order:

(c) _25_ Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

(d) _15_ Is the maxium number of depositions that may be taken by plaintiffs as a group and defendants as a group.

(e) Depositions will be limited by Rule 30(d)(2) to one (1) day for up to 7 hours duration.

(f) There are no other special discovery provisions agreed to by the parties.

E.     The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment):   Friday, November 19, 2010, plaintiff and defendants  agree for all to to file summary judgment or partial summary judgments on subject matter and on the validity of the patent and the infringement.

Motion to dismiss, motions for summary judgment, or motions to exclude expert testimony

*21*

on *Daubert* and related grounds will be filed by  Friday, November 19, 2010 or 60 days

before trial date.

F.    Other matters to which the parties stipulate and/or which the court should know or

       consider:

   1. Plaintiff  has filed and will confirm a default against Devol Engineering, and Tuf

       Racing d/b/a a/k/a UFO Plast and plaintiff, Kevin Maret is in the process of

       submitting a consent motion and a default has been entered against Tuft Racing dba

       aka UFO Plast and will be confirmed if they do not sign the consent as promised but

       it is believed these two defendants will not be a trial.

G.    This case will be ready for trial before the court by: Defendants want a trial date on or

       about  Thursday, January 20, 2010 or 9 months from date. Petitioner suggests, due to

       Supercross Season, which starts on or about January 3, 2011, that a trial date in

       December may be more convenient to the parties for this reason.  The anticipated

       length of trial is   7   days but the parties are not sure at this time but this is an

       outside estimate. It may be less.

Respectfully Submitted by:

*s/ Glenn C. McGovern*
Glenn C. McGovern (La. Bar #9321)
Mailing Address:
P.O. Box 516
Metairie, Louisiana 70004-0516
Physical Address:
2637 Edenborn Avenue, Suite 101
Metairie, Louisiana 70002
Telephone: (504) 456-3610
Facsimile:  (504) 456-3611
Email: gcmcg@mac.com

***ATTORNEY FOR PLAINTIFF,
KEVIN MARET***

*s/Michael K. Friedland*
Michael K. Friedland (Bar # 157217)
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: 949-760-0404
Fax: 949-760-9502
Email: mfriedland@kmob.com

***ATTORNEYS FOR WORKS CONNECTION***

*s/Jaye G. Heybl*
Jaye G. Heybl (Bar #167110)
2815 Townsgate Rd., Suite 215
Westlake Village, CA 91361-5827
Phone: 805-373-0060
Fax: 805-373-0051
Email: jheybl@koppelpatent.com

***ATTORNEYS FOR PRO CIRCUIT***

***CERTIFICATE OF SERVICE***

I hereby certify that I have filed the above JOINT RULE 26(F) PRETRIAL REPORT BY ALL PARTIES was filed electronically with the Clerk of Court by using CM/ECF system, and a copy has been forwarded to all parties via U.S. First Class Mail, postage prepaid, properly addressed on this _____20th day of ___*April*___, 2010.


_s/ Glenn C. McGovern_____
Glenn C. McGovern, Attorney for Kevin Maret