IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN MARET, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3238 |
| | ) | |
| V. | ) | |
| | ) | |
| PRO CIRCUIT PRODUCTS, INC., | ) | MEMORANDUM AND ORDER |
| WORKS CONNECTION, INC., TUF | ) | |
| RACING PRODUCTS, INC., DEVOL | ) | |
| ENGINEERING, INC., and OUT LAW | ) | |
| RACING PRODUCTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This law suit was initiated by a complaint filed on November 19, 2009 (filing no. 1). Summons were issued to, and returned executed by all named defendants including Tuf Racing Products, Inc. ("Tuf Racing") (filing no. 27) and Devol Engineering, Inc. ("Devol") (filing no. 20). The plaintiff then moved for the clerk to enter a preliminary default against Tuf Racing (filing no. 39) and Devol (filing no. 26). The clerk entered a preliminary default against Tuf Racing (filing no. 40) and Devol (filing no. 29). No attorney has entered an appearance on behalf of Tuf Racing or Devol. The plaintiff's complaint alleges Tuf Racing and Devol are corporations (filing no. 1).

Defendants Tuf Racing and Devol are advised that a corporation, partnership, or other legally created entity cannot appear pro se in the federal courts of the United States. Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993). Any submission on behalf of Tuf Racing Products, Inc. and/or Devol Engineering, Inc. must be filed by a licensed attorney. Pro se filings by Tuf Racing Products, Inc, and/or Devol Engineering, Inc. will not be considered by the court and will be stricken from the record.

The parties have filed a Rule 26(f) Report which purports to be submitted by the plaintiff, and defendants, Devol Engineering, Works Connection, and Pro Circuit. No attorney signed on behalf of Devol Engineering.[1] (Filing no. 62). As to Devol Engineering, the Rule 26(f) Report cannot and will not be considered by the court as raising any defenses or claims by this defendant.

The Rule 26(f) Report indicates the plaintiff intends to obtain a default judgement against Devol and a consent judgment against Tuf. However, a consent judgment will not be entered or enforced against a corporation unless it is represented by a licensed attorney. Consteel Erectors, Inc. v. Scharpf's Construction, Inc., No. 4:08cv3038, 2009 WL 115720, at *2 n. 5 (D. Neb. June 16, 2009). See also, Northeastern Lumber Mfg. Ass'n. v. NLM Enterprises, Inc., No. 08-cv-5685, 2009 WL 1204348, at *2 (W.D.N.Y April 30, 2009). However, the parties are advised that in the absence of representation by counsel, Tuf Racing Products, Inc, and/or Devol Engineering, Inc. cannot file any defenses or submit evidence in response to the plaintiff's claims, and the court cannot consider defenses and evidence not properly raised before the court. Accordingly, failure to have licensed counsel may result in a default judgment, or an unopposed summary judgment or verdict and judgment in favor of the plaintiff and against Tuf Racing Products, Inc, and/or Devol Engineering, Inc.

IT IS ORDERED:

1) Any filing on behalf of Tuf Racing Products, Inc. and/or Devol Engineering, Inc. must be signed by a licensed attorney.

---

[1] Outlaw Racing Products, Inc is also not mentioned in the report, but a consent judgment has already been entered in favor of the plaintiff and against this defendant.

2)  The clerk shall strike any pro se filings purportedly signed by or submitted on behalf of Tuf Racing Products, Inc. and/or Devol Engineering, Inc. from the record.

3)  The clerk shall mail a copy of this Memorandum and Order to the following:

| | |
|---|---|
| Tuf Racing Products, Inc. | Devol Engineering, Inc. |
| Mr. David H. Antolak | Mr. Ted Devol |
| N. 145 Knollwood | 741 D. Stevenesen Avenue |
| St. Charles, IL 60174 | Enumclaw, WA 98022 |

DATED this 22nd day of April, 2010.

BY THE COURT:

S/ *Cheryl R. Zwart*
United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.